IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRUCE E. ELLISON, M.D.,** | ) |
| | ) **Civil Action** |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) No. _____ |
| | ) |
| **AMERICAN BOARD OF** | ) |
| **ORTHOPAEDIC SURGERY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Bruce E. Ellison, M.D. ("Dr. Ellison" or "Plaintiff") seeks declaratory and injunctive relief and damages against the American Board of Orthopaedic Surgery, Inc. ("ABOS" or "Defendant"), as follows:

### Nature of the Action

1. Dr. Ellison brings this action to end antitrust law violations by the ABOS in restraining trade in his specialty of orthopedic surgery.

2. Dr. Ellison is a highly qualified orthopedic surgeon, having obtained an Engineering degree from the University of California at Berkeley, and his medical degree from Stanford University. Dr. Ellison successfully completed his residency and a fellowship in orthopedic surgery. Dr. Ellison has successfully performed hundreds of elective arthroscopic surgeries, as well as urgent and emergent surgeries while providing Level 3 Trauma hospital ER coverage.

3. Despite the fact that Dr. Ellison passed the ABOS written examination (also known as "Part I") for Board Certification by Defendant ABOS, the ABOS has refused to allow him to take the oral examination (also known as "Part II") to complete the process and attain his Board Certification.

4. Defendant ABOS's refusal to allow Dr. Ellison to take the oral ABOS examination to complete his Board Certification is a restraint of trade in violation of the Section 1 of the Sherman Act.

5. Dr. Ellison seeks declaratory and injunctive relief to require Defendant ABOS to allow him to take the oral examination to complete his Board Certification, and he seeks monetary damages for the injury that the restraint of trade by Defendant ABOS has caused to him.

## The Parties

6. Plaintiff Dr. Ellison holds a medical license in good standing with the State of California, and sees patients in El Cerrito, Contra Costa County, and additional locations in California.

7. Defendant ABOS is a nonprofit entity incorporated in the State of Delaware.

## Jurisdiction

8. This action arises under Section 16 of the Clayton Act, 15 U.S.C. § 26, to secure equitable relief against a continuation of the violations by Defendant ABOS of Section 1 of the Sherman Act, 15 U.S.C. § 1, and under Section 4 of the Clayton Act, 15 U.S.C. § 15, to recover treble the amount of damages incurred by

Plaintiff as a result of Defendant's violations. Interstate commerce for medical services is substantially affected by Defendant's conduct alleged herein. This court has subject matter jurisdiction here under 28 U.S.C. §§ 1331 and 1337(a).

## Venue

9. Venue is proper in the United States District Court for the Northern District of Illinois, under 15 U.S.C. § 22 and 28 U.S.C. § 1391, because Defendant conducts business here. Specifically, Defendant's oral examination, which is "the second of the two parts of the certifying examination for Orthopaedic Surgeons," is "given once each year during the summer *in Chicago*."[1] In addition, Defendant administered Part I of this examination to Plaintiff only in Chicago, which Plaintiff passed. Defendant's re-certification oral Maintenance of Certification examinations are also administered solely in Chicago.

## Background

10. Plaintiff Dr. Ellison graduated with a degree in medicine from Stanford University, after obtaining an undergraduate degree in mechanical engineering from the University of California at Berkeley. He completed a general surgery internship and orthopedic surgery residency. He also successfully completed an Orthopedic Surgery Research Fellowship at the University of Massachusetts.

11. Dr. Ellison has performed hundreds of arthroscopic surgeries,

---

[1] https://www.abos.org/certification/part-ii-exam.aspx (viewed Dec. 30, 2015, emphasis added).

3

including shoulder, wrist, knee and ankle operations. He has also performed urgent and emergent surgeries, including fracture repair, during his years of providing orthopedic surgery emergency room coverage at Level 3 Trauma hospitals. He is a licensed Qualified Medical Evaluator performing Qualified Medical Evaluations (QME) and Independent Medical Examinations (IME).

12. In his entire career, Dr. Ellison's surgeries have resulted in only one major complication, which was merely an infection that was cleared with standard follow-up treatment. This is a very low complication rate.

13. As an African American, Dr. Ellison is a member of the National Medical Association, which promotes the collective interests of physicians and patients of African descent. But Dr. Ellison has unfairly lost membership in the American Academy of Orthopaedic Surgeons, which requires ABOS Board Certification.

14. Defendant ABOS conducts Board Certification and Maintenance of Certification (MOC) programs.

15. Defendant ABOS has one or more agreements, concerning the implementation of its Board Certification and MOC programs, with the American Board of Medical Specialties, which is a separate Illinois corporation.

16. In or about April 2012, Defendant ABOS began strictly requiring that physicians must have hospital admitting and surgical privileges for 20 calendar months in order to take the ABOS oral examination for Board Certification, and began enforcing this requirement against physicians.

4

17. Defendant ABOS imposed this requirement of hospital admitting and surgical privileges in concert with hospitals, and this requirement restrains trade in an unreasonable manner because it arbitrarily excludes qualified physicians, including those who perform surgeries at ambulatory surgery centers, who had not been excluded under prior ABOS rules and procedures.

18. Many physicians who obtain ABOS Board Certification subsequently do not practice at hospitals, but operate at surgery centers exclusively, which illustrates that the requirement of hospital admitting privileges by Defendant ABOS is arbitrary and unreasonable.

19. This requirement of hospital admitting privileges by Defendant significantly reduces the supply of orthopedic surgeons who are available to patients as consumers, and thereby reduces competition.

20. In addition, Defendant ABOS has acted in concert with health insurers and hospitals to "use Board Certification by [ABOS, an American Board of Medical Specialties] Member Board as an essential tool to assess physician credentials within a given medical specialty."[2]

21. Defendant ABOS thereby interferes with the practice of orthopedic surgery by qualified, highly trained physicians.

22. There is no justification for Defendant ABOS to refuse to allow physicians to complete its Part II examination in order to become Board Certified.

---

[2] http://certificationmatters.org/faqs.aspx (viewed Dec. 30, 2015).

## The Relevant Market

23. The relevant service market consists of medical care provided at medical facilities in the specialty of orthopedic surgery.

24. The relevant geographic market is nationwide.

25. Defendant's agreements and concerted actions significantly reduce the supply of physicians available to perform orthopedic surgery at hospitals, and surgical centers, thereby reducing patients' access to affordable care by their choice of physicians.

26. Defendant ABOS has acted with a pecuniary interest to persuade and coerce other entities, including hospitals, to require its Board Certification and MOC.

## COUNT I
**(Restraint of Trade in Violation of Section 1 of the Sherman Act)**

27. Plaintiff incorporates herein all statements and allegations contained in this Complaint.

28. Dr. Ellison successfully passed the written portion of Defendant ABOS's examination in Chicago, also known as "Part I," as required in order to become Board Certified by Defendant.

29. By passing the Part I examination, Dr. Ellison demonstrated his competency, as the Part I examination has had a lower overall pass rate than the Part II examination.

30. By letter dated April 2012, the Executive Director of ABOS

expressly informed Dr. Ellison that "[t]he Credentials Committee of the American Board of Orthopaedic Surgery has approved your admission to the 2012 Part II Examination. … Your exam will be on July 24, 25 or 26 at the Palmer House Hilton in Chicago, Illinois."

31. But subsequently Defendant ABOS inexplicably refused to allow Dr. Ellison to take the Part II oral portion of its Board Certification examination, despite its prior representation that he would be allowed to take the examination.

32. Defendant ABOS has provided contradictory and ever-changing reasons for its refusal to allow Dr. Ellison to take the Part II examination and complete the Board certification process.

33. By its actions, and perhaps intentionally so, Defendant ABOS has thereby prevented Dr. Ellison from obtaining hospital medical staff privileges.

34. Defendant ABOS has further restrained trade by seeking and obtaining agreement by hospitals to require ABOS certification for orthopedic surgeons as a condition allowing them on medical staffs.

35. Defendant ABOS's foregoing actions have no legitimate justification.

36. Upon information and belief, Defendant ABOS denies many other qualified physicians the ability to take the Board Certification examinations and thereby become Board Certified.

37. Defendant ABOS's actions significantly reduce the supply of physicians available to perform orthopedic surgery at hospitals and surgical

centers, which reduces patient choice and increases their health care costs.

38. Defendant ABOS has undertaken its actions with a common design and understanding with hospitals to exclude some competent orthopedic surgeons from the relevant market, including Dr. Ellison.

39. Defendant ABOS's actions have reduced the availability of physicians in the relevant market, to the detriment of their patients.

40. Defendant ABOS's agreements and concerted actions imposed, and continue to impose, an unreasonable restraint of trade.

41. Defendant ABOS's agreements and concerted actions are a *per se* violation of Section 1 of the Sherman Act because they are akin to a group boycott of a supplier, and thereby tend to restrict competition and decrease output with respect to medical services in the relevant market.

42. In the alternative, Defendant ABOS's agreements and concerted actions violate Section 1 of the Sherman Act under the rule of reason, by unreasonably restricting the ability of Plaintiff and other similarly situated orthopedic surgeons to provide services in the relevant market.

43. Patients are unlikely to sue for their losses due to this antitrust violation, so there is no potential for duplicative recovery or complex apportionment of damages.

44. Dr. Ellison seeks a declaratory judgment that Defendant has violated Section 1 of the Sherman Act.

45. Dr. Ellison seeks an injunction against Defendant to require it to

allow Dr. Ellison to take the oral examination part of its Board Certification.

46. Dr. Ellison seeks attorneys' fees under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26.

## Demand for a Jury Trial

47. Plaintiff hereby demands a jury trial pursuant to FED. R. CIV. P. 38(b) for all issues triable by jury.

## Prayer for Relief

Wherefore, Plaintiff respectfully requests the following relief:

(i) that this Court adjudge and decree that Defendant ABOS has engaged in an unlawful conspiracy in restraint of trade in violation of Section 1 of the Sherman Act;

(ii) that Defendant allow Plaintiff to take the oral examination, also known as the Part II examination, which is the final step in the completion of the Board Certification process;

(iii) that Defendant cease and desist from requiring hospital admitting and surgical privileges as a requirement for taking its Board Certification examinations;

(iv) that any agreements entered into by Defendant to impose or require its Board Certification or MOC are declared null and void;

(v) that Plaintiff recover damages for his losses caused by Defendant's restraint of trade; and

(vi) that Plaintiff recover the cost of this suit together with reasonable

attorneys' fees, and such other relief as the Court may deem appropriate.

         Respectfully submitted,

         <u>s/ Andrew L. Schlafly</u>

         Andrew L. Schlafly  (040662003)
         Attorney at Law
         939 Old Chester Rd.
         Far Hills, NJ 07931
         Phone:  (908) 719-8608
         Fax:  (908) 934-9207
         Email: aschlafly@aol.com

         Zachary M. Bravos
         Bravos & DiCola
         600 W. Roosevelt Rd. - Ste. B-1
         Wheaton, IL 60187
         Phone: (630) 510-1300

         Attorneys for Plaintiff
           Bruce E. Ellison, M.D.

Dated:  December 30, 2015